Dear Sheriff Cook:
Your request for an Attorney General's opinion has been forwarded to me for research and response. In particular, you have asked the following questions:
 (1) [Should there be] a more restrictive interpretation of peace officer status than that requested by the Fourth Judicial District Court?
 Are employees of a court created misdemeanor probation officers, who derive their existence solely by local court rule and not by virtue of a commission from a State, Parish or local law enforcement agency, "peace officers" as those terms are defined in our various statutes or by the P.O.S.T. Council?
 (2) Who is the keeper of the parish jails in Louisiana?
(A) Who controls access to those jails?
 (B) If the Sheriff is the keeper of the jail and controls access, does a district court judge have the statutory authority to override the Sheriffs' authority and order the Sheriff to allow access to persons, as the court so desires?
 (3) Would your answer to (2) in any way change, even if your opinion is that those court employees are "peace officers" as defined by statute and P.O.S.T. standards?
In answering question number one, a "peace officer" as discussed in Attorney General's opinion 82-1125 and defined by LSA-R.S.40:2402 are officers employed by the following agencies: Wildlife Fisheries Agents, Capitol Police, Airport Police, Levee Board Police, New Orleans Harbor Police (and other Harbor Police, as well), Campus Police, Brand Commission Agents, Dept. of Public Safety Security Personnel, Mississippi River Bridge Police, District Attorneys' Investigators, State Fire Marshals, LA State Parks Rangers, ABC (Alcohol Beverage Control) Officers, Sheriffs' Deputies, Municipal Police, State Police, DOC Probation Parole Officers and Sheriffs' Deputies who have care, custody 
control of inmates. Under LA R.S. 40:2402 a "peace officer" is defined as `any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of the state, but not including any elected or appointed head of a law enforcement department.' "As recited by LSA-R.S. 40:2405, a peace officer in the state of Louisiana is required to complete a council approved certified training program and pass a council approved exam. The peace officer has one calendar year from the date of initial employment to fulfill this requirement. Peace officers employed in towns of one thousand or less have two calendar years in which they must comply with this requirement. In these towns, a peace officer will not be prevented from carrying out their duties or receiving pay if they have not been given the requisite training due to a shortage in funds. In all other cases, failure to complete the training and exam is grounds for the council to obtain an injunction prohibiting the individual from exercising a peace officer's authority. It is therefore necessary for all peace officer's to complete the training program and exam.
Further, only peace officers within this scope of certification and employed by one of the agencies recognized by LSA R.S.40:2402 have vested police powers of arrest and are permitted to carry a concealed handgun unless authorization is granted through a parish or state concealed handgun permit.
In response to question two, LSA-R.S. 15:904 recites "Each sheriff shall be the keeper of the public jail of his parish . . ." However, In Proceedings on Behalf of Judge of Section A of Criminal District Court For Parish of Orleans v.Grosch et al. In re State ex rel. Darden, 222 La. 937,64 So.2d 225 (1953), the Louisiana Supreme Court recited the following:
 From moment criminal sheriff and his constable received prisoner in parish jail, power of judges of the Criminal District Court over person of prisoner was plenary and exclusive, and authority of sheriff and his deputy was purely of an executive nature, subordinate to and completely under control of the judicial power. LSA-R.S. 15:60. 14:60.1, 15:77 . . .
Hence, when the judge issued his order to release a prisoner to the city police, the sheriff had no choice whatever in the matter. As mere executive officers of the court, their duty was to immediately recognize and obey the judicial mandate — to deny or delay its fulfillment was contemptuous and a misfeasance.
Code of Civil Procedure Article 374 states:
 A legal representative appointed or confirmed by a court is an officer of this court from the time of his qualification for the office until his discharge.
Misdemeanor probation officers who are appointed or confirmed by a court as a legal representative are court officers. As officers of the court, they are required by law to perform all legal duties required or ordered by the court. Failure to perform these duties will subject the court appointed officer to contempt proceedings. Nevertheless, such appointment does not confer the arrest powers of a peace officer.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ Ellison Travis Assistant Attorney General